### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**EARNEST E. FOX, JR.,**

        **Plaintiff,**

   v.

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

**Case No. 2:12-cv-635**

**Judge Peter C. Economus**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Earnest E. Fox, Jr. brings this action for review of the denial of his applications for social security disability insurance benefits and supplemental security income. Plaintiff asserts that the Administrative Law Judge ("ALJ") committed reversible error when he concluded that Plaintiff does not meet Listings 14.09(A) or 12.05(C), accorded no weight to Dr. Pearlman's opinion regarding Plaintiff's residual functional capacity, and concluded that Plaintiff has a limited education. (Dkt. 9 at 1–2.)

In a July 31, 2013 Report and Recommendation, the Magistrate Judge recommended affirming the Commissioner's decision. She found that substantial evidence supports the ALJ's conclusion that Plaintiff's "'rheumatoid arthritis fails to establish the required inability to ambulate' within the meaning of Listing 14.09(A)(1)." (Dkt. 15 (quoting R. 21).) She also found that the ALJ "correctly concluded that Plaintiff's mental impairments do not meet the Listings of 12.05(c) because the record does not support onset of a mental impairment before the age of 22," the record contains "no evidence that [Plaintiff] suffers deficiencies in adaptive functioning," and the examining mental-health professional, Dr. Miller, opined that Plaintiff does not meet the criteria for mild mental retardation. (*Id.* at 24–25.) The Magistrate Judge further found that the ALJ did not err in according no weight to Dr. Pearlman's opinion, concluding that, "even assuming Dr. Pearlman qualifies as a treating physician, the ALJ provided good reasons

for rejecting his opinion, which are supported by substantial evidence." (*Id.* at 28.) Finally, the Magistrate Judge found that the ALJ did not err in finding Plaintiff has a limited education. The Magistrate Judge noted that, while certain evidence in the record supported a finding of a limited education, the residual functional capacity determined by the ALJ "is consistent with a finding of a marginal, rather than limited, education." (*Id.* at 31–32.)

Plaintiff objects solely to the Magistrate Judge's finding that the ALJ correctly concluded that Plaintiff does not meet Listing 12.05(c). (Dkt. 16.)

Listing 12.05 provides that "intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." The required level of severity for this disorder is met under subsection C by "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C).

In other words, to satisfy the requirements of Listing 12.05(C), a claimant must demonstrate that:

> (1) he experiences "significantly subaverage general intellectual functioning with deficits in adaptive functioning [that] initially manifested during the developmental period" (i.e., the diagnostic description);
>
> (2) he has a "valid verbal, performance, or full scale IQ of 60 through 70"; and
>
> (3) he suffers from "a physical or other mental impairment imposing an additional and significant work related limitation of function."

*West v. Com'r Soc. Sec. Admin.*, 240 F. App'x 692, 697–98 (6th Cir. 2007) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C)).

The Court agrees with the Magistrate Judge that "Plaintiff has provided no evidence that

he suffers deficiencies in adaptive functioning." (Dkt. 15 at 24.) "Adaptive functioning includes a claimant's effectiveness in areas such as social skills, communication, and daily living skills." *West*, 240 F. App'x at 698 (citing *Heller v. Doe by Doe*, 509 U.S. 312, 329 (1993)). Plaintiff testified that he lived on his own as an adult for about a year and a half (R. 50), and he reported to Dr. Powers that he is independent in his activities of daily living (R. 630). He performs some very simple household chores (R. 54–55) and visits with family (R. 337). Prior to the onset of his physical limitations, he successfully maintained a job as a maintenance man at an apartment complex for several years (R. 46), and he attended school through the eleventh grade before dropping out in order to get a job (R. 335). Dr. Miller noted that Plaintiff "is able to communicate effectively, exhibit self care, home living, and social interpretation." (R. 338.) He reported that Plaintiff has worked in positions that required him to follow directions and concluded that Plaintiff suffers no limitation in his ability to interact with coworkers, supervisors, or the public. (*Id.*)

Because Plaintiff has not demonstrated deficiencies in adaptive functioning, he does not satisfy Listing 12.05(C), and the Court need not address his arguments regarding the other requirements of that listing. Therefore, the Court adopts the Magistrate Judge's finding that the ALJ correctly concluded that Plaintiff does not meet the Listings of 12.05(c).

Upon *de novo* review in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 15) and **AFFIRMS** the decision of the Commissioner. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for Defendant. This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

**UNITED STATES DISTRICT JUDGE**